IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| QUAVION DESHUN HOLLINS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTUS HEALTH, a Texas Nonprofit Corporation d/b/a TLRA DEBT RECOVERY,<br><br>Defendant. | Case No.: 2:23-cv-351<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff QUAIVON DESHUN HOLLINS (hereinafter referred to as "Plaintiff"), individually and on behalf of all other similarly situated, by and through his attorneys of record The Bourassa Law Group, hereby brings this complaint against the above-named defendant, and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action on his own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from CHRISTUS HEALTH d/b/a TLRA DEBT RECOVERY'S (hereinafter referred to as "Defendant") violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.,* and Texas law.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff and Defendant reside and/or do business in the State of Texas.

1

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Texas where Plaintiff is located.

## PARTIES

5. Plaintiff is a natural person who resides in Kilgore, Texas.

6. Plaintiff is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and Texas Finance Code §392.001.

8. Defendant "is a fully licensed and comprehensive debt collection agency with nationwide collection capability"[1] and maintains a principal place of business located at 2707 North Loop West, Suite 400, Houston, Texas 77008.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Texas Finance Code §392.001.

## STATEMENT OF FACTS

10. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

11. Defendant's website states that "TLRA's collection methodologies and practices are based on the mission of CHRISTUS Health of extending the healing ministry of Jesus Christ and the core values of Dignity, Integrity, Compassion, Excellence, and Stewardship."[2]

12. Beginning in December 2020 and continuing through the present, Defendant has

---

[1] http://www.tlra.com/Services/BadDebtProgram (visited June 5, 2023).
[2] http://www.tlra.com/TLRA/AboutTLRA (visited June 5, 2023).

relentlessly harassed Plaintiff by telephone in an attempt to collect a hospital bill allegedly owed by Plaintiff.

13. Throughout the month of December 2020, Plaintiff received over 50 calls from Defendant.

14. Throughout the month of January 2021, Plaintiff received over 120 calls from Defendant.

15. Throughout the month of February 2021, Plaintiff received over 300 calls from Defendant.

16. Throughout the month of March 2021, Plaintiff received over 200 calls from Defendant.

17. Throughout the month of April 2021, Plaintiff received over 350 calls from Defendant.

18. On April 27, 2021, Plaintiff, by and through his counsel, sent a cease and desist letter certified mail, return receipt requested, to Defendant requesting all further communication be directed to Plaintiff's attorney, validation of the debt, and copies of all written communications with Plaintiff as required by the FDCPA.

19. On May 1, 2021, Frank Amaya, a representative of Defendant, signed the receipt of the certified letter.

20. Despite Defendant's actual knowledge that Plaintiff was represented by an attorney, Defendant continued to attempt to communicate with Plaintiff.

21. Throughout the month of May 2021, Plaintiff received over 300 calls from Defendant.

22. On August 10, 2021, Plaintiff received 10 missed calls from Defendant between 7:00

a.m. and 8:00 a.m.

23. On April 5, 2022, Plaintiff received 12 missed calls from Defendant in the morning.

24. On April 25, 2022, Plaintiff received 6 missed calls from Defendant in the morning.

25. On July 25, 2022, Plaintiff received 7 missed calls from Defendant in the morning.

26. On September 2, 2022, Plaintiff received 11 missed calls from Defendant in the morning.

27. On March 30, 2023, Plaintiff received 10 missed calls from Defendant in the morning.

28. On April 25, 2023, Plaintiff received 8 missed calls from Defendant in the morning.

29. On April 27, 2023, Plaintiff received 5 missed calls from Defendant in the morning.

30. On June 5, 2023, Plaintiff received 10 missed calls from Defendant between 8:00 a.m. and 10:00 a.m.

31. The calls from Defendant are at all times of the day and night, sometimes as late as midnight or as early as 2:00 a.m.

32. During these calls, Plaintiff was called a "sorry ass" and "sorry," and told to "man up and pay [his] debt."

33. Defendant often did not identify that the call was from a debt collector and would misrepresent Defendant as "criminal attorneys."

34. In addition, Defendant threatened to have the police come to Plaintiff's home and arrest him.

35. Plaintiff was also told by Defendant's agents or employees that he would "go to jail today" and "go to jail for the rest of his life" if he did not pay off the alleged debt.

## CLASS ALLEGATIONS

36. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

37. These claims for relief are brought by the Plaintiff individually and on behalf of the following class:

    a. A class consisting of consumers with a Texas address who:

        i. Within one year prior to the filing of this action;

        ii. Received calls or other forms of communication from Defendant;

        iii. In a form identical or substantially similar to the calls made to the Plaintiff, described in the statement of facts.

38. Under Federal Rule of Civil Procedure Rule 23, a class action is appropriate and preferable in this case because:

    a. The calls made at the heart of this litigation and the class is so numerous that joinder of all members is impractical.

    b. There are questions of law and fact common to the class that predominate over any questions affecting individual class members. The principal question presented by this case is whether the calls described in the Statement of Facts violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

    c. The only issue related to the individuals of class is the identification of the individual consumers who received calls (i.e. the class members), a matter capable of ministerial determination from the Defendant's records.

    d. Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

   e. Plaintiff will fairly and adequately represent the class members' interests and have retained counsel experienced in handling class actions and collection abuse claims.

 39. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

 40. If facts are discovered to be appropriate, Plaintiff will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF THE FDCPA, 15 U.S.C.§ 1692c(a)**

 41. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

 42. The FDCPA makes it unlawful for a debt collector to communicate with a consumer in connection with collection of any debt:

>  (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;
>
>  (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address,

> unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . .

15 U.S.C. § 1692c(a)(1) and (2).

43. Defendant called Plaintiff multiple times before 8:00 a.m. and after 9:00 p.m. in connection with its attempts to collect a consumer debt from Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

44. Defendant called Plaintiff multiple times after having actual knowledge of Plaintiff's representation by an attorney in violation of 15 U.S.C. § 1692c(a)(2).

45. As a result of these violations by Defendant, Plaintiff is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

46. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and therefore Plaintiff is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF
## VIOLATIONS OF THE FDCPA 15 U.S.C.§ 1692d

47. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

48. Section 1692d of the FDCPA states, in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or

7

        reader.

*   *   *

    (5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

49. Defendant, by and through its agents, engaged in conduct intended to harass Plaintiff.

50. Defendant, by and through its agents, also called Plaintiff a "sorry ass" and told him to "man up" and pay the alleged debt in violation of 29 U.S.C. § 1692d(2).

51. In addition, Defendant, by and through its agents, called Plaintiff hundreds of times, at all hours of the day and night, in connection with its attempts to collect a consumer debt from Plaintiff in violation of 29 U.S.C. § 1692d(5).

52. As a result of these violations by Defendant, Plaintiff is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

53. It has been necessary for the Plaintiff to obtain the services of an attorney to pursue this claim and therefore the Plaintiff is entitled to recover reasonable attorneys' fees therefor.

<b><u>THIRD CLAIM FOR RELIEF</u></b><br><b>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e</b>

54. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

55. Section 1692e of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*   *   *

> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> \*   \*   \*
>
> (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.
>
> \*   \*   \*
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

56. Defendant's agents and employees represented to Plaintiff that they are "criminal attorneys" in an attempt to collect a consumer debt from Plaintiff in violation of 15 U.S.C. § 1692e(3).

57. Defendant, by and through its agents, threatened to have the police come to Plaintiff's home and arrest him, and told Plaintiff he would "go to jail today" and "go to jail for the rest of his life" if he did not pay off the alleged debt in an attempt to frighten and disgrace Plaintiff in violation of 29 U.S.C. § 1692e(4) and (7).

58. Defendant also failed to disclose in all of its communications with Plaintiff that the communication was from a debt collector in violation of 29 U.S.C. § 1692e(11).

59. As a result of these violations by Defendant, Plaintiff is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

60. It has been necessary for the Plaintiff to obtain the services of an attorney to pursue this claim and the Plaintiff is entitled to recover reasonable attorneys' fees therefor.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE TEXAS. FINANCE CODE § 392.301(a)**

61. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

62. Section 392.301 of the Texas Finance Code states in pertinent part:

> A debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:
>
> *   *   *
>
> (5) threatening that the debtor will be arrested for nonpayment of a consumer debt without proper court proceedings.

63. Defendant, by and through its agents, threatened to have the police come to Plaintiff's home and arrest him, and told Plaintiff he would "go to jail today" and "go to jail for the rest of his life" if he did not pay off the alleged debt in an attempt to frighten and disgrace Plaintiff in violation of Texas Finance Code § 392.301(a)(5).

64. As a result of the Texas Finance Code violations by Defendant, Plaintiff is entitled to actual damages to be shown specifically at the time of trial.

65. It has been necessary for the Plaintiff to obtain the services of an attorney to pursue this claim and the Plaintiff is entitled to recover reasonable attorneys' fees therefor.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE TEXAS. FINANCE CODE § 392.302**

66. Plaintiff incorporates by this reference each and every allegation previously made

in this Complaint, as if fully set forth herein.

67. Section 392.302 of the Texas Finance Code states in pertinent part:

A debt collector may not oppress, harass, or abuse a person by:

(1) using profane or obscene language or language intended to abuse unreasonably the hearer or reader;

\*   \*   \*

(4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the caller number.

68. Defendant, by and through its agents, called Plaintiff hundreds of times, at all hours of the day and night, in connection with its attempts to collect a consumer debt from Plaintiff in violation of Texas Finance Code 392.302.

69. Defendant, by and through its agents, also called Plaintiff a "sorry ass" and told him to "man up" and pay the alleged debt in violation of Texas Finance Code 392.302.

70. As a result of the Texas Finance Code violations by Defendant, Plaintiff is entitled to actual damages to be shown specifically at the time of trial.

71. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court grant the following relief in Plaintiff's favor, and on behalf of the class, and that judgment be entered against Defendant for the following:

(1) For actual damages incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1) and

Tex. Fin Code § 392.403.

(2) For statutory damages awarded to Plaintiff, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000.000 or 1 per centum (1%) of the net worth of the Defendant.

(4) For injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

(5) A declaration that the calls made by the Defendant, described in the statement of facts, violated the FDCPA, pursuant to 15 U.S.C. § 1592k(a)(3);

(6) For disgorgement of all of Defendant's profits obtained through use of phone calls at issue;

(7) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(8) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(9) For any and all other relief this Court may deem appropriate.

Dated:  July 28, 2023	Respectfully submitted,

By: */s/ Jason D. Mazingo*
Jason D. Mazingo
Texas State Bar No. 24055925
Jason@MazingoFirm.com
THE MAZINGO FIRM, P.C.
118 West Houston Street
Tyler, Texas 75702
Phone:  903.630.7123
Fax:     903.218.7849

MARK J. BOURASSA, ESQ. (*pro hace vice forthcoming*)
VALERIE S. GRAY, ESQ. (*pro hace vice forthcoming*)
THE BOURASSA LAW GROUP
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
Tel: (702) 851-2180
Fax: (702) 851-2189
Email:  mbourassa@blgwins.com
vgray@blgwins.com

**ATTORNEYS FOR PLAINTIFF**